UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISMARK E HERNANDEZ DORMUZ,<br>Petitioner,<br>v.<br>JEREMY CASEY; GREGORY ARCHAMBEAULT; TODD LYONS; MARKWAYNE MULLIN; TODD BLANCHE; IMMIGRATION AND CUSTOMS ENFORCEMENT; DEPARTMENT OF HOMELAND SECURITY,<br>Respondents. | Case No.: 3:26-cv-4462-JES-MMP<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**<br>**[ECF No. 1]** |

Before the Court is Petitioner Vismark E. Hernandez Dormuz's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Pursuant to the Court's order to show cause (ECF No. 2), Respondents filed a return to the petition and Petitioner filed a traverse. ECF Nos. 4, 5.

Petitioner is a native of Nicaragua who entered the United States in order to seek asylum in June 2022. ECF No. 1 ¶¶ 8-11. He was detained from June 29, 2022 to January 5, 2023 at the Winn Correctional Center in Winnfield, Louisiana. *Id.* ¶ 11. On January 5, 2023, he was ordered released from detention on his own recognizance on an I-220A form.

*Id.* at 42. Since his release, he has pursued various avenues of immigration relief and obtained work authorization. *Id.* ¶¶ 12-13. On June 29, 2026, he was detained by ICE and transferred to the Imperial Detention Facility in Calexico, California. *Id.* ¶ 14. Before his detention, Petitioner alleges that he was working full-time to support his family and had built extensive ties to the community. *Id.* ¶ 18.

In their return, Respondents state that Petitioner is subject to a final order of removal and had been previously released from immigration custody on an order of supervision pursuant to 8 U.S.C. § 1231(a)(3). ECF No. 4. Respondents further acknowledge that courts have repeatedly ordered release in such situations where prior release was not properly revoked before re-detention. *Id.* Petitioner's traverse only argues that he should not be subject to GPS monitoring. ECF No. 5.

Though both Petitioner and Respondents discuss release under an order of supervision pursuant to 8 U.S.C. § 1231(a)(3), the documents submitted to the Court does not support this conclusion. Under the statutory framework, immigration detainees may be initially detained under 8 U.S.C. § 1225 or 8 U.S.C. § 1226. Once there is a final order of removal, 8 U.S.C. § 1231 governs further detention. The evidence submitted to the Court does not indicate whether Petitioner's original detention in 2022 was under § 1226 or § 1225, but the evidence does show that Petitioner was released on January 5, 2023 on an "Order of Supervision or Own Recognizance (Form I-220A)." ECF No. 1 at 42. Form I-220A is a "Release on Recognizance" ("OREC") for individuals who have been placed in removal proceedings, whereas Form I-220B is an "Order of Supervision" for individuals who have a final order of removal but have not yet been removed from the United States. *See* https://www.uscis.gov/save/current-user-agencies/commonly-used-immigration-documents (compare forms I-220A versus I-220B). Courts have recognized that typically, the term "released on their own recognizance" refers to conditional parole under § 1226. *Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007) ("It is apparent that the INS used the phrase 'released on recognizance' as another name for 'conditional parole' under § 1226(a)"); *J.S.H.M v. Wofford*, No. 1:25-CV-01309 JLT SKO, 2025 WL 2938808,

at *6 (E.D. Cal. Oct. 16, 2025); *Castellon v. Kaiser*, No. 1:25-CV-00968 JLT EPG, 2025 WL 2373425, at *4 (E.D. Cal. Aug. 14, 2025); *Faizyan v. Casey*, No. 3:25-CV-0884-RBM-JLB, 2025 WL 3208844, at *1 n.2 (S.D. Cal. Nov. 17, 2025). This is also supported by documentation that on January 26, 2026—long after Petitioner's release—Immigration Court had scheduled Petitioner for a Master Calendar Hearing on May 4, 2028, indicating that his removal proceedings were not yet finalized.

However, regardless of the fact that Petitioner appears to have been released under conditional release pursuant to § 1226 rather than an order of supervision under § 1231, the Court still finds reason to grant the petition. Many courts, including this one, have repeatedly held that a prior grant of release under an Order of Recognizance raises a liberty interest for the petitioner and entitles the petitioner to due process rights under procedural due process. *See, e.g.*, *Singh v. Archambeault*, No. 26-CV-1072-JES-MSB, 2026 WL 555589 (S.D. Cal. Feb. 27, 2026); *Qiu v. LaRose*, No. 26-CV-1033-JES-MSB, 2026 WL 531445 (S.D. Cal. Feb. 25, 2026). Accordingly, the Court adopts its prior reasoning and finds that due process requires release of Petitioner here.

Thus, the Court **GRANTS** Petitioner's writ of habeas corpus. Respondents are **ORDERED** to **immediately** release Petitioner from custody, subject to any conditions of his prior release that existed at the time he was re-detained. The Parties are **ORDERED** to file a Joint Status Report by **August 19, 2026**, confirming that Petitioner has been released.

The Clerk of Court is **ORDERED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: August 14, 2026

Honorable James E. Simmons Jr.
United States District Judge